UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| MICHAEL A. SCHAEFER, ) | CASE NO. 16-07971-RLM-7 A |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| ELLIOTT D. LEVIN, TRUSTEE, ) | ADVERSARY PROCEEDING |
| ) | NUMBER: _____ |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| GOLFER'S GUIDE MARKETING ) | |
| SOLUTIONS, LLC and FREY MEDIA, INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Elliott D. Levin, as Trustee (the "Trustee") for the bankruptcy estate of Michael A. Schafer ("Debtor"), by counsel, for his Complaint against Golfer's Guide Marketing Solutions, LLC ("GG") and Frey Media, Inc. ("FM" and, together with GG, "Defendants"), states as follows:

### INTRODUCTION

1. On October 17, 2016 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of Indiana, Indianapolis Division (this "Court"), initiating the above-referenced bankruptcy case (the "Bankruptcy Case").

2. The Trustee is the duly appointed, qualified, and acting Chapter 7 Trustee in the Bankruptcy Case.

### JURISDICTIONAL ALLEGATIONS

3. This adversary proceeding is commenced pursuant to Bankruptcy Code §§ 541 and 542 and Fed. R. Bank. P. 7001.

4.  This Court has jurisdiction over the Bankruptcy Case pursuant to 28 U.S.C. §§ 157 and 1334 and S.D. Ind. L.R. 83-8.

5.  Venue for this action is proper in the United States Bankruptcy Court for the Southern District of Indiana pursuant to 28 U.S.C. §§ 1408 and 1409.

6.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (E), and (O).

7.  Pursuant to Local Rule B-7008-1, the Trustee consents to the entry of final orders and/or judgments by the Bankruptcy Judge.

## FACTUAL ALLEGATIONS

8.  On February 22, 2010, GG executed a Promissory Note (the "Note") in favor of CCMS, Inc. f/k/a GolfUS.com, Inc. ("CCMS"). A true and accurate copy of the Note is attached hereto and incorporated herein as Exhibit "1."

9.  Under the terms of the Note, GG promised to pay CCMS the principal sum of $195,000.00.

10. In consideration of the Note, FM executed a Guaranty (the "Guaranty") of GG's payment obligations to CCMS. A true and accurate copy of the Guaranty is attached hereto and incorporated herein as Exhibit "2."

11. Both the Note and Guaranty entitle CCMS to its costs of collection and attorney's fees incurred in securing Defendants' respective payments thereunder.

12. According to the Trustee's records, GG has failed to make payments when due under the Note, and FM has failed to pay GG's obligations under the same. As of the Petition Date, the principal amount due and owing on the Note and Guaranty remained $150,000.00.

13. On the Petition Date, Debtor owned a 25% interest in CCMS, the Note, and the Guaranty.  The Trustee sent GG and FM's representative a demand letter for the balance due the estate.  Please see Exhibit "3" attached hereto.

14. Pursuant to Section 541 of the Bankruptcy Code, Debtor's 25% interest in CCMS and the Note as well as any claim against GG for breach of the Note became property of Debtor's bankruptcy estate on the Petition Date.

15. GG has breached the Note by failing to make payments when due, and, as a result, Debtor's bankruptcy estate has suffered damages in the amount of $37,500.00, representing 25% of the Note's balance.

## COUNT I: NOTE

16. The Trustee incorporates and restates the allegations contained in the preceding paragraphs 1 through 15 as if fully restated herein.

17. Pursuant to Section 541 of the Bankruptcy Code, Debtor's 25% interest in CCMS and the Note as well as any claim against GG for breach of the Note became property of the Debtor's bankruptcy estate on the Petition Date.

18. GG's has failed to make payments under the Note, and, as a result, Debtor's bankruptcy estate has suffered damages in the amount of $37,500.00, representing 25% of the Note's balance.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in favor of the Trustee and against GG on Count II as follows: (i) a judgment against GG in the sum of $37,500.00, plus the Trustee's costs of collection and attorney's fees; (ii) prejudgment interest; and (iii) granting the Trustee all other just and proper relief.

## COUNT II: GUARANTY

19. The Trustee incorporates and restates the allegations contained in the preceding paragraphs 1 through 18 as if fully restated herein.

20. Pursuant to Section 541 of the Bankruptcy Code, Debtor's 25% interest in CCMS and the Guaranty as well as any claim against FM for breach of the Guaranty became property of the Debtor's bankruptcy estate on the Petition Date.

21. FM has guaranteed GG's obligations under the Note, and, as a result, Debtor's bankruptcy estate has suffered damages in the amount of $37,500.00, representing 25% of the Note's balance.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in favor of the Trustee and against FM on Count II as follows: (i) a judgment against FM in the sum of $37,500.00, plus the Trustee's costs of collection and attorney's fees; (ii) prejudgment interest; and (iii) granting the Trustee all other just and proper relief.

## COUNT III: TURNOVER

22. The Trustee incorporates and restates the allegations contained in the preceding paragraphs 1 through 21 as if fully restated herein.

23. Section 542(b) of the Bankruptcy Code provides that "an entity that owes a debt that is property of the estate and that is mature, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee...."

24. Pursuant to the Note and Guaranty, Defendants are jointly and severally indebted to Debtor's bankruptcy estate in the sum of $37,500.00, representing 25% of the Note's balance.

5

WHEREFORE, the Trustee respectfully requests that Court enter a judgment in favor of the Trustee and against Defendants on Count III as follows: (i) directing Defendants to immediately turn over $37,500.00, plus the Trustee's costs of collection and attorney's fees; (ii) prejudgment interest; and (iii) granting the Trustee all other just and proper relief.

        Respectfully submitted,

        RUBIN & LEVIN, P.C.
        Attorneys for Trustee

By:   /s/James T. Young
        James T. Young, Atty. No. 13834-71
        Keenan C. Fennimore, Atty. No. 30609-49
        RUBIN & LEVIN, P.C.
        135 N. Pennsylvania Street, Suite 1400
        Indianapolis, IN  46204
        317/634-0300 -- FAX 317/453-8613
        james@rubin-levin.net
        kfennimore@rubin-levin.net

JTY/KCF/llk
G:\WP80\TRUSTEE\EDL\Schaefer, Michael - 86042901\Adv Frey\Complaint (revised 6-14-17).docx